IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY JOE MANZIEL AND OIL PALACE INC. § § § *Plaintiff*, § § vs. § SENECA INSURANCE COMPANY, INC., § VERICLAIM, INC. AND SHAUN KEEFER § § *Defendants*. § § | Civil Action No.: 1:2015-CV-00214 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Seneca Insurance Company, Inc. ("Seneca"), Vericlaim, Inc. ("Vericlaim"), and Shaun Keefer ("Keefer") (collectively "Defendants") file this Reply to Plaintiffs' Response to Defendants' 12(b)(6) Motion to Dismiss.

1. Defendants agree that the Court should rule on the pending Motion to Remand [Doc. No. 5] prior to ruling on Defendants' 12(b)(6) Motion to Dismiss [Doc. No. 2]. Defendants filed this 12(b)(6) motion prior to a ruling on the Motion to Remand merely to comply with the deadlines under the Federal Rules of Civil Procedure. Rule 81(c)(2) requires that an answer be filed seven days after removal of a case from state court. Rule 12(b) motions must also be filed before a responsive pleading. If Defendants had not filed this 12(b)(6) motion on November 20, 2015, Defendants would have been required to respond to Plaintiffs' inadequate state court pleadings by the answer deadline, thereby waiving dismissal arguments, or risk a default judgment.

2. The pleading standard under Federal Rule of Civil Procedure 8 is used to analyze a Rule 12(b)(6) motion to dismiss, even when a case alleges state laws claims and has been removed from state court. *See Redden v. Smith & Nephew, Inc.*, 3:09-CV-1380-L, 2010 WL 2944598 (N.D. Tex. July 26, 2010); *Hudgens v. Allstate Texas Lloyd's*, CIV.A. H-11-2716, 2012 WL 2887219 (S.D. Tex. July 13, 2012). Further, claims alleging misrepresentations in such instances are subject to the heightened requirements of Rule 9(b). *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 826 (S.D. Tex. 2011); *Hudgens*, CIV.A. H-11-2716, 2012 WL 2887219 at *3. *Oldham*, cited by Plaintiffs in favor of employing a Texas "fair notice" pleading standard, is inapplicable to this motion, as *Oldham* addresses the pleading standard for a motion to remand based on improper joinder, not a 12(b)(6) motion to dismiss. *Oldham v. Nationwide Ins. Co. of Am.,* 3:14-CV-575-B, 2014 WL 3855238, at *2 (N.D. Tex. Aug. 5, 2014). While a remand motion based on improper joinder may require a 12(b)(6) type analysis using the Texas pleading standard according to *Oldham*, the federal pleading standard is still used in an actual 12(b)(6) analysis for a motion to dismiss.

3. Even if the Texas "fair notice" pleading standard were to apply to Defendants' 12(b)(6) motion, it naturally follows that the 12(b)(6) motion should be granted if the Court denies Plaintiffs' Motion to Remand. In that case, the Court's denial of the motion to remand would also necessitate a determination that Plaintiffs' pleadings against Keefer and Vericlaim are inadequate under the Texas pleading standard.

4. Even were the Court to employ the Texas fair-notice pleading standard, Plaintiffs' conclusory allegations would still not suffice because other courts have found that simply clustering allegations against all "Defendants" is insufficient to provide any single defendant with fair notice of the claims being asserted against it. *See e.g. Mainali Corp. v. Covington*

*Specialty Ins. Co*., No. 3:15-CV-1087-D, 2015 WL 5098047, at *5 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (holding that similar pleadings against a non-diverse defendant were inadequate under the Texas pleading standard for purposes of determining improper joinder). Here, almost every cause of action alleged against Seneca lumps together its allegedly wrongful conduct with that of the other defendants, without distinguishing any particular act that might be applicable only to Seneca. The Court should give no effect to Plaintiffs' generic global allegations directed toward "Defendants," and should conclude that such allegations fail to state an actionable claim with respect to Keefer, Vericlaim, or Seneca.

Accordingly, Defendants requests that this Court grant its Motion to Dismiss, along with any and all such further relief to which it may show itself entitled. Alternately, Defendants request a more definite statement from Plaintiffs under Federal Rule of Civil Procedure 12(e).

Respectfully submitted,

By: */s/ James N. Isbell*
James N. Isbell
Attorney-in-Charge
Bar No. 10431900
jisbell@thompsoncoe.com
Christopher H. Avery
Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

Of Counsel:
Lindsey Shine Lawrence
State Bar No. 24053681
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: llawrence@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 23rd day of December, 2015.

    Jeffrey L. Raizner
    Andrew P. Slania
    Amy B. Hargis
    RAIZNER SLANIA, LLP
    2402 Dunlavy Street
    Houston, Texas 77006

                                             /s/ *Christopher H. Avery*
                                             Christopher H. Avery